STEVEN L. BARKAN, PC
Attorney for Plaintiff
Marie Lynch
445 Broad Hollow Rd., Suite 25
Melville, NY 11747
P – 516-358-3688
F – 631-881-0818

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Docket No.:
-------------------------------------------------------------------X
MARIE LYNCH

                            Plaintiff,          **COMPLAINT**

    -against-                                **PLAINTIFF REQUESTS
                                                 A JURY TRIAL**

MTA METRO-NORTH RAILROAD,


                            Defendant.
-------------------------------------------------------------------X

       Plaintiff, MARIE LYNCH, hereinafter referred to as "Plaintiff", by her attorneys,

STEVEN L. BARKAN, PC, complaining of the Defendant, MTA METRO-NORTH

RAILROAD (Metro-North), alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

      1.      Plaintiff is an individual residing in the County of Queens, City and State of New

York.

      2.      At all times material to this action, the Defendant, Metro-North, is licensed to do

business in the State of New York with its principle place in the County, City and State of New

York.

      3.      That all times material to this action Defendant, Metro-North, is and was a

common carrier in interstate commerce.

4.    At all times hereinafter mentioned, Metro-North owned and operated an interstate commerce railroad that passes through the States of New York and Connecticut and was an interstate carrier engaged in the transportation of commerce.

5.    That at all times hereinafter-mentioned Plaintiff was employed by Metro-North as a conductor.

6.    At the time of the injuries set out in this complaint, Plaintiff was working in furtherance of interstate commerce and participating in work that directly, closely and substantially affected the interstate commerce engaged in by the Defendant, Metro-North.

7.    That Plaintiff's action arises under the Federal Employees' Liability Act, 45 USC §51 *et seq*.

8.    That jurisdiction in this matter is pursuant to 45 USC §51 *et seq*. and 28 USC §1331.

9.    That on October 14, 2020 while working in Metro-north's High Bridge facility at the south end of Track 16 she tripped on a Blue Signal flag that was either damaged or not properly replaced after its use trapping her foot resulting in plaintiff sustaining serious injuries.

10.    That the Blue Flag Signals position created a trap.

11.    That only the Defendant, Metro-North, its agents, servants and/or employees had access to that area and caused  and permitted the Blue Flag Signal to be in this dangerous position, creating an unsafe place for plaintiff to work in.

12.    That only the defendant by  its agents servants and/or employees could have created this condition and they knew or should have known of this unsafe condition.

13.    That the Defendant, Metro-North, its agents, servants and/or employees were negligent and at fault in the negligent ownership, operation, maintenance and control of the

railroad; in failing to provide the Plaintiff with a safe place to work; in failing to supervise and, in fact, causing Plaintiff personal injuries as well as creating a hazardous condition in which to work; in being otherwise negligent and at fault under the circumstances herein.

14.    That the Plaintiff was compelled by reason of the injuries sustained by her to seek medical care and treatment and to be unfit for work and possibly permanently unfit to work in the future as a result of the injuries that she incurred while employed by the Defendant, Metro-North.

15.    Solely by reason of the negligence, carelessness, recklessness and intentional disregard of the Defendant, Metro-North, its agents, servants and/or employees, and without any negligence on the part of the Plaintiff in any way contributing thereto, Plaintiff sustained severe and permanent injuries complained of herein, suffered severe pain and suffering; emotional distress and permanent and painful injuries to her health, organs, nerves, muscles, and central nervous systems; has lost and will lose wages in her usual occupation; and was required to spend sums of money in attempting to effect a cure, and in the future will be required to spend sums of money and attempting to effect a cure, and this all to his damage in an amount to be determined by the Court.

WHEREFORE, Plaintiff requests judgment against the Defendant, Metro-North:

1.    In a sum to be determined by proof at trial for past and future pain, suffering and mental anguish;

2.    In a sum to be determined by proof at trial for loss of earnings and loss of future earning capacity, including all fringe benefits;

3.    In a sum to be determined by proof at trial for medical expenses incurred to date;

4.    In a sum to be determined by proof at trial for future medical expenses; and,

5.      For an award of Plaintiff's costs of suit in this action.

Dated:  Melville, New York
        May 26, 2022

                                    _____
                                    Steven L. Barkan, Esq. (SB0444)
                                    STEVEN L. BARKAN, PC
                                    Attorney for Plaintiff
                                    RAMON NEITA
                                    Office and P.O. Address
                                    445 Broad Hollow Rd., Suite 25
                                    Melville, NY 11747
                                    (516) 358-3688

TO:    MTA METRO-NORTH RAILROAD
       420 Lexington Ave. 11th Floor
       New York, NY 10170